UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No. 1:19-CV-04330-FB-RER

MOSHE MANESS,

           Plaintiff,

ANSWER TO CLASS ACTION COMPLAINT

    v.

ZILLOW GROUP, INC.

           Defendant.

Defendant Zillow Group, Inc. by and through its counsel Littler Mendelson, P.C., hereby answers the Complaint of Plaintiff Moshe Maness ("Plaintiff"). Any allegation not explicitly admitted is denied. The headings contained within the Complaint are not substantive allegations to which an answer is required, but to the extent a response is required, Defendant denies the allegations. In answer to the Complaint, Defendant states as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff asserts claims against Defendant and seeks to certify a class, but it otherwise denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff asserts claims against Defendant, but it denies violating the law and it otherwise denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff asserts claims against Defendant, but it denies violating the law and it otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies information and knowledge sufficient to form a belief as to the allegations concerning Plaintiff's residency, and it admits that it conducts business in Kings County. Defendant otherwise denies any remaining allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies information and knowledge sufficient to form a belief as to the allegations concerning Plaintiff, and it otherwise denies the allegations in Paragraph 4 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant denies information and knowledge sufficient to form a belief as to the allegations concerning Plaintiff, and it otherwise denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies information and knowledge sufficient to form a belief as to the allegations concerning Plaintiff, and it otherwise denies the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

**NATURE OF THE CASE**

11. Defendant admits that Plaintiff seeks asserts certain claims but it denies violating the law and denies all wrongdoing, and it otherwise denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that its website https://zillow.com is available to the public and is intended to facilitate real estate transaction, but it otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that its website https://zillow.com is intended to facilitate real estate transactions by providing information to consumers, independent brokers, and property owners, but it otherwise denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

## STATEMENT OF FACTS

18. Defendant admits that https://Zillow.com offers services related to real estate through its website and it otherwise denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that the quoted language appears on https://Zillow.com, and it otherwise denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that the quoted language appears on the website, and it otherwise denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that Zillow operates mobile real estate apps, and it denies any remaining allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains no new allegations pertaining to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint, and therefore denies those allegations.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint, and therefore denies those allegations.

28. Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint, and therefore denies those allegations.

29. Defendant admits that the Web Accessibility Initiative, a project of the World Wide Web Consortium has developed standards for website accessibility called the Website Content Accessibility Guidelines. Defendant admits that the WCAG recommends ways in which websites can be made accessible. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits that the Web Accessibility Initiative, a project of the World Wide Web Consortium has developed standards for website accessibility called the Website Content Accessibility Guidelines. Defendant admits that the WCAG is recommends ways in which websites can be made accessible. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admit that the federal government has promulgated website accessibility standards under Section 508 of the Rehabilitation Act, which are accessible on the internet, and contain recommendations for ways to increase the accessibility of a website. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations,

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits that its website offers services to the public and it otherwise denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that its website offers services to the public and it otherwise denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies knowledge and information sufficient to form a belief as to Plaintiff's actions, and it otherwise denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies knowledge and information sufficient to form a belief as to Plaintiff's actions, and it otherwise denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff alleges that Defendant intentionally discriminated against him and a class of similarly situated individuals, but it denies that any such ascertainable class

exists and denies discrimination, denies violating the law, and denies any wrongdoing. Defendant otherwise denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

## CLASS ACTION ALLEGATIONS

57. Defendant admits that Plaintiff purports to assert his claims as a class action, but it denies that class treatment is warranted and it otherwise denies the allegations in Paragraph 57 of the Complaint.

58. Defendant admits that Plaintiff purports to assert his claims as a class action, but it denies that the class as defined by Plaintiff can be identified, that class treatment is warranted, and it otherwise denies the allegations in Paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff purports to assert his claims as a class action, but it denies that class treatment is warranted and it otherwise denies the allegations in Paragraph 59(a) – (e) of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies knowledge and information sufficient to form a belief as to the mindset of Plaintiff, but it denies that class treatment is warranted or that Plaintiff is an adequate representative of any purported class, and it otherwise denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint because a class has not been certified, and it otherwise denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

### **PUBLIC ACCOMMODATION CAUSES OF ACTION**

First Cause of Action
Violation of the N.Y.C. Admin Code §§ 8-101 *et seq.*

68. Defendant reasserts its responses to the foregoing allegations as though fully set forth herein.

69. Paragraph 69 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

70. Paragraph 70 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

71. Paragraph 71 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 80 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

Violation of N.Y. Exec. L. §§ 290 *et seq.*

81. Defendant reasserts its responses to the foregoing Paragraphs of the Complaint as though fully set forth herein.

82. Paragraph 82 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

83. Paragraph 83 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that its website offers services to the public but it otherwise denies the allegations.

84. Paragraph 84 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

87. Paragraph 87 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 95 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

Violation of ADA, 42 U.S.C. §§ 12181, *et seq.*

96. Defendant reasserts its responses to the foregoing Paragraphs of the Complaint as though fully set forth herein.

97. Paragraph 97 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

98. Paragraph 98 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

99. Paragraph 99 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

100. Paragraph 100 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

101. Paragraph 101 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 103 of the Complaint.

## ANSWER TO FAIR-HOUSING CAUSES OF ACTION

104. Defendant reasserts its responses to the foregoing Paragraphs of the Complaint as though fully set forth herein.

105. Paragraph 105 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

106. Paragraph 106 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

107. Paragraph 107 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

108. Paragraph 108 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

109. Paragraph 109 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

110. Paragraph 110 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

111. Paragraph 111 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

112. Paragraph 112 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

118. Defendant denies the allegations in Paragraph 118 of the Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 121 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

Violation of N.Y. Exec. L. §§ 290 *et seq.*

122. Paragraph 122 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

123. Paragraph 123 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

124. Paragraph 124 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant denies the allegations in Paragraph 120 of the Complaint.

131. Defendant denies the allegations in Paragraph 131 of the Complaint.

132. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 132 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

Violation of the FHA. 42 U.S.C. §§ 3605, *et seq.*

133. Paragraph 133 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

134. Paragraph 134 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

135. Paragraph 135 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

136. Defendant denies the allegations in Paragraph 136 of the Complaint.

137. Defendant denies the allegations in Paragraph 137 of the Complaint.

138. Defendant denies the allegations in Paragraph 138 of the Complaint.

139. Defendant denies the allegations in Paragraph 139 of the Complaint.

140. Defendant denies the allegations in Paragraph 140 of the Complaint.

141. Defendant denies the allegations in Paragraph 141 of the Complaint.

142. Defendant denies the allegations in Paragraph 142 of the Complaint.

143. Defendant admits that Plaintiff seeks relief, but it denies that such relief is warranted and denies wrongdoing. Except as expressly admitted, Defendant denies the allegations in Paragraph 143 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

Declaratory Relief

144. Defendant reasserts its responses to the foregoing Paragraphs of the Complaint as though fully set forth herein.

145. Paragraph 145 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

146. Paragraph 146 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

147. Defendant denies the allegations in Paragraph 147 of the Complaint.

## PRAYER FOR RELIEF

The paragraphs in the WHEREFORE clause contain prayers for relief to which no response is required. To the extent a response is required, Defendant denies the allegations.

## DEMAND FOR TRIAL BY JURY

Plaintiff does not have the right to a jury trial under Title III of the Americans with Disabilities Act.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant's website is not a place of public accommodation under Title III of the ADA and its state and local equivalents.

## THIRD DEFENSE

Defendant provides equivalent facilitations by providing reasonable alternatives for visually impaired individuals through, *inter alia*, providing in-person and telephonic assistance

to provide customers with information about and access to its products and services.

## FOURTH DEFENSE

Defendant's right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

## FIFTH DEFENSE

Plaintiff's assertion that the WCAG guidelines constitute a legal standard would require an impermissible imposition of standards without following the appropriate methodology for creating regulatory requirements.

## SIXTH DEFENSE

Plaintiff also fails to allege that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

## SEVENTH DEFENSE

Plaintiff fails to allege that there is sufficient nexus between Defendant's website and a physical location of Defendant such that Defendant's website is covered by Title III of the Americans with Disabilities Act.

## EIGHTH DEFENSE

The requested accommodations were not readily achievable and/or reasonable.

## NINTH DEFENSE

Plaintiff's claims are barred by equitable doctrines, such as the doctrines of laches, waiver, and/or equitable estoppel.

## TENTH DEFENSE

Plaintiff and/or the putative class members do not meet the requirements of Federal Rule Civil Procedure 23, thus this action cannot be maintained as a class action.

**WHEREFORE**, Defendant respectfully request this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court deems just and proper.

Date:  August 2, 2019

New York, New York

*/s/ Daniella Adler*

Daniella Adler
LITTLER MENDELSON, P.C.
  A Professional Corporation
900 Third Avenue
New York, NY 10022-3298
(212) 583-9600

*Attorneys for Defendant*