# BALISOK & KAUFMAN

September 23, 2019

**VIA ECF**
Hon. Ramon E. Reyes, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Maness v. Zillow Group, Inc.*; Civ. Case. No. 1:19-cv-04330
             <u>Reply Letter re: Request for Pre-Motion Conference</u>

Dear Judge Reyes:

      We are attorneys for the Plaintiff, Moshe Maness, in the above-referenced litigation. Plaintiff submits this letter in reply to Defendant's opposition to Plaintiff's request to remand this case for lack of subject-matter jurisdiction. In short, the Court should have remanded this case for lack of subject-matter jurisdiction.

      As the removing party, Defendant had the burden of proving that this case exceeds the jurisdictional amount in controversy under 28 U.S.C. § 1332(a). *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, **and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court**." *Id.* at 273-74 (emphasis added). And district courts must "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

      As the Eastern District court explained in *Herrera v. Terner*, 2016 WL 4536871, at *1 (E.D.N.Y. 2016):

> With respect to the jurisdictional amount element of diversity jurisdiction, the removing party must prov[e] that it appears to a reasonable probability that the claim is in excess of [$75,000]. In order for there to be diversity jurisdiction, the Notice must allege facts adequate to establish the amount in controversy. In this case, Defendant cannot meet his burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount.

*Id.* (internal citations and quotations omitted).

      Another dispositive case is *Whittaker v. Aramark Uniform & Career Aparel, Inc.*, 2004 WL 1637030, at *1 (D.Conn. 2004). There, the defendant only removed on federal-question grounds, and when those grounds were lost, sought to secure diversity-based jurisdiction. Nonetheless, the defendant "did not, in either its notice of removal or at oral argument, raise the possibility of diversity jurisdiction." *Id.* In all, "[b]ecause [the plaintiff]'s complaint d[id] not

allege an amount in controversy in excess of $75,000 and because [the defendant] failed in its notice of removal to assert any amount in controversy or even raise the issue of diversity jurisdiction, th[e] court lack[ed] subject matter jurisdiction over the [] case." *Id.*

In opposing remand of the case to state court, the court held that the defendant there sought, "in essence, to amend its notice of removal, outside the thirty-day time period set forth in 28 U.S.C. § 1446, in order to raise a diversity issue and so vest this court with subject matter jurisdiction." *Id.* Citing *Lupo*, the district court determined that "[i]t would be contrary to any concept of sensible judicial administration to permit [the defendant] to amend its notice of removal at this juncture (well beyond the thirty days after [it] first received [the] complaint)." *Id.* (citing *Lupo*, 28 F.3d at 274) (parentheses in original).

Here, Defendant is essentially seeking to amend its notice of removal to secure diversity jurisdiction following its failure to raise that basis in the first place. As the Court can see, the amended complaint raises nothing that was not raised in the initial complaint that would indicate diversity jurisdiction exists. Neither complaint raises an amount in controversy, and Defendant is merely speculating (and curiously arguing) that this case exceeds a value of $75,000.

If Defendant wished to avail itself of diversity jurisdiction, it should have done so using the proper procedure, clearly set forth in the federal rules: a notice of removal with the basis for federal jurisdiction. Defendant availed itself of the notice of removal, but only on the basis of federal questions. Defendant should not, in good conscience, be permitted to effectively retroactively amend its notice of removal to remedy its earlier mistake at the expense of Plaintiff's choice of forum.

We thank the Court for its attention to this matter and are available at the Court's convenience.

                                                              Respectfully submitted,

                                                              Joseph Y. Balisok, Esq.
                                                             *Joseph Y. Balisok*
                                                             Balisok & Kaufman, PLLC
                                                             *Attorneys for Plaintiff*

cc:   Daniella Adler (Via ECF)